### Garrard v. Zachariah.

1. When the pleadings are taken in short by consent, no advantage can be taken for informality in them after verdict. The words *replication and issue* will be held to apply to all the pleas.
2. In debt, the pleadings being in short, the verdict found the issues for the plaintiff, and found damages only, omitting to mention the debt: *held* that this was sufficient.

THIS was an action of debt on a promissory note, for $75, determined in Lauderdale Circuit Court. The declaration was in the usual form, in one count. The defendant plead three special pleas in bar, which are set out in the record, after which appears those words, "*replication,* Marshall, for plaintiff," and "*issue,* Hubbard, for defendant." The entry of judgment is as follows: "Came the parties, by their attornies, and came also a lawful jury, &c who being duly elected, tried and sworn, well and truly to try the issues joined, upon their oaths do say, they find the issues in favor of the plaintiff, and assess his damages at $26." On this verdict, the Court rendered judgment for the debt laid in the declaration, and the damages assessed by the jury.

Garrard, who was defendant below, assigns for error, that there was but one issue, and that it does not appear on which plea it was joined; that there are two pleas on which no issue was taken, and that the verdict speaks of issues which do not exist, and on which they could not find; also, that the verdict was insufficient, in not finding

the debt to be due which was the foundation of the action; and that the Court erred in rendering judgment on that verdict.

W. B. MARTIN, and HOPKINS for the plaintiff in error.

COALTER, for the defendant.

By LIPSCOMB, C. J. The two first errors assigned, go to the question of the sufficiency of the replication, to the defendant's pleas. We have often held, that when the parties make up their pleadings in this short and careless way, that no advantage shall be taken after verdict. We will consider that the word replication, written and signed by the plaintiff's attorney, by consent, was to go to all of the defendant's pleas, and there can be no doubt but such was the understanding of the parties themselves at the time. The word "issue," signed by the defendant's attorney, strengthens this conclusion. The third point taken by the plaintiff in error is, that the verdict did not authorize the judgment; that it was only for damages, and that the judgment had been entered for debt and damages. This point is as badly taken as the former; when the pleas of the defendant were negatived, by the finding in favor of the plaintiff, the legal result was in favor of the plaintiff for the debt. The pleas all admitted the note which was the foundation of the action, and offered matter in avoidance. Had the defendant plead the general issue, the finding for the plaintiff on that issue, if formally entered, would be his debt and damages. But under the state of the pleading, we consider that the verdict and judgment were not only good, but technically correct.

Let the judgment be affirmed.

JUDGE TAYLOR not sitting.